| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEW JERSEY                X | |
| AXIS SURPLUS LINES INSURANCE COMPANY | Docket No.: |
| Plaintiff, | Civil Action |
| -against- | **COMPLAINT** |
| ROYALE PROPERTY MANAGEMENT LLC, | |
| Defendant.                              X | |

Plaintiff, AXIS Surplus Lines Insurance Company ("AXIS"), by its attorneys Clausen Miller, P.C., hereby sues Defendant Royale Property Management LLC:

1. This is an action for a declaratory judgment regarding Plaintiff's rights and obligations under AXIS' Policy of insurance bearing policy number EAF622866-17 which was in effect from May 15, 2017 through May 15, 2018, and all Forms, Endorsements and Declarations attached thereto and part thereof issued to Royale Property Management LLC.

2. Plaintiff seeks a Declaration from this Court that the AXIS Policy does not provide coverage for Defendant's claim (No. ATL143020) for loss and damage to property located at 4801 Allendale Road, Houston, Harris County, Texas 77017, which allegedly resulted from Hurricane Harvey that occurred on or about August 27, 2017 (the "Loss").

3. Plaintiff avers that (a) the AXIS Policy affords no coverage for Defendant's Loss due to Defendant's material misrepresentation of its insurable interest, or lack thereof, in the loss location identified as 4801 Allendale Road, Houston, Harris County, Texas 77017; (b) that Defendant has no insurable interest in the Loss location and as such, is not entitled to recovery for its claimed Loss under the AXIS Policy; and, (c) in the alternative, that no coverage is

available for Defendant's Loss due to various applicable limitations, exclusions and various sub-limits of liability found within the AXIS Policy which include, but are not limited to the Policy's limitations on coverage for interior rain, exclusions for loss or damage sustained as a result of wear, tear, deterioration, fungus, wet rot, dry rot and bacteria and, the Policy's limitation on Rental Value, among other provisions.

## PARTIES

4. Plaintiff AXIS Surplus Lines Insurance Company's statutory home office is located in Chicago, Illinois and its main administrative office is located in Alpharetta, Georgia.

5. Defendant Royale Property Management, LLC ("Royale Property") is a corporation organized under the laws of the State of New Jersey with its principle place of business located at 184 Lakewood New Egypt Road, Lakewood, New Jersey 08701.

## JURISDICTION AND VENUE

6. Jurisdiction over this action is founded upon 28 U.S.C. § 1332. Complete diversity exists between Plaintiff and Defendant. AXIS is a citizen of the State of Illinois, where it is incorporated, and it is also a citizen of the State of Georgia, where it maintains its principle place of business. Defendant Royale Property is a citizen of the State of New Jersey where it maintains its principal place of business.

7. Although Plaintiff has minimum contacts with the State of New Jersey, this Court has personal jurisdiction over Defendant because Defendant is, and at all times material herein, was engaged in substantial, continuous and systematic activities within the State of New Jersey. The insurance policy that is the subject of the instant action was issued by Plaintiff to Defendant at their mailing address of 184 Lakewood New Egypt Road, Lakewood, New Jersey 08701.

466280.1

8. Venue is proper in this District because the Defendant resides here. Defendant's mailing address above is also their principle place of business.

9. The subject matter in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interests.

**GENERAL ALLEGATIONS**

**A.   The AXIS Policy**

10. On May 15, 2017, Plaintiff issued an all-risk policy of insurance to Royale Property Management LLC bearing Policy number EAF622866-17 for the policy period of May 15, 2017 through May 15, 2018. Attached hereto as Exhibit "A", and incorporated herein by this reference, is a true and correct copy of the Policy (hereinafter the "AXIS Policy"). The Schedule of Values on file with the Company is attached hereto as "Exhibit B".

11. The Named Insured under the Policy is listed as Royale Property Management LLC.

12. Among the locations scheduled within the AXIS Policy, and purportedly owned by Defendant Royale Property Management LLC, is an assisted living facility with the address of 4801 Allendale Road, Houston, Harris County, Texas 77017.

13. The AXIS Policy provides a USD $5,000,000 limit of liability, with such coverage being at all times subject to the Policy's terms, conditions, provisions, limitations, requirements, and exclusions, all of which are expressly pled as if copied herein in their entirety.

14. Attached to and made part of the AXIS Policy is a Scheduled Limit of Liability Endorsement (Endorsement O) bearing form number ES 503 0507. Such Endorsement serves to convert the Policy from blanket coverage to scheduled coverage and Plaintiff's liability for loss and damage is thereby limited to the individually stated value for each scheduled item of

property shown on the latest Statement of Values ("SOV") on file with the Company. See, Exhibit "B".

15. As endorsed by the Scheduled Limit of Liability Endorsement, each scheduled location has, and is subject to, its own Policy of insurance, the liability for which is limited by those values reported by the insured on the Schedule of Values.

16. The AXIS Policy's **Sub-Limits of Liability** provision states that:

> **G. Limit of Liability**
>
> * * *
>
> **Sub-Limits of Liability**
>
> The sub-limits of liability as specified under this provision or any other part this policy or the endorsement attached hereto are part of and not in addition to the Limit of Liability. These sub-limits do not increase the Limit of Liability or any other sub-limit. We shall not be liable for more than the sub-limit specified.
>
> * * *
>
> When a sub-limit applies to property that sub-limit also applies to any "time element" coverage associated with that property.

17. The AXIS Policy's **Sub-Limits of Liability** expressly states that Plaintiff shall not be liable for more than the sub-limit specified for any given damage or coverage and, when a sub-limit applies to property, that sub-limit also applies to any "time element" coverage associated with that property.

18. The AXIS Policy's **Sub-Limits of Liability** provision also expressly states that Plaintiff shall not be liable for more than the sub-limit specified for any given damage or coverage and when a sub-limit is shown as "No Coverage", it means that no coverage is provided for that aspect of the policy to which that sub-limit applies.

466280.1

19. Within the AXIS Policy's **DECLARATIONS**, the Sub-Limits of Liability section lists "Rental Value", next to which the sub-limit listed reads: "No Coverage".

20. The AXIS Policy also states, in pertinent part, as follows:

> **B. Exclusions**
> \* \* \*
> 3. We will not pay for loss or damage caused by or resulting from any of the following:
> \* \* \*
>     d.    (1) Wear and tear;
>            (2) Rust or other corrosion, decay, deterioration, hidden or latent defect of any quality in property that causes it to damage or destroy itself;
>            \* \* \*
>            (4) Settling, cracking, shrinking or expansion;
>            \* \* \*
> But if an excluded cause of loss that is listed in **3.d. (1)** through **(7)** results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.

21. The AXIS Policy also states, in pertinent part, as follows:

> **C.   Limitations**
>
> The following limitations apply to all policy forms and endorsements, unless otherwise stated:
>
> 1.   We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.
>     \*\*\*
>    c.   The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:
>
>        (1)   The building or structure first sustains damage by a Covered Cause of loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters
>
>     \*\*\*

22. The **Additional Conditions** within the AXIS Policy states as follows:

> 2. **Concealment, Misrepresentation or Fraud**

466280.1

> This policy is void in any case of fraud by you as it relates to coverage provided by this policy at any time. It is also void if you or any other insured, at any time, intentionally conceals or misrepresents a material fact concerning:
>
> a. This policy;
> b. The Covered Property;
> c. Your interest in the Covered Property; or
> d. A claim under this policy.

23. The AXIS Policy contains an exclusion for Fungus, Wet Rot and Bacteria which states as follows:

> 2. This policy does not cover:
>
> a. "Fungus", wet or dry rot, or "bacteria"
> b. Loss or damage caused directly or indirectly by "fungus", wet or dry rot, or "bacteria";
> c. The costs associated with the enforcement of any ordinance or law which requires you or others to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to or assess the effects of "fungus", wet or dry rot, or "bacteria"; or
>
> This exclusion applies whether or not the loss events results in widespread damage or affects a substantial area.

**B.      Procurement of the AXIS Policy**

24. During the procurement of the AXIS Policy, Defendant represented to Plaintiff that it owned and managed a portfolio of commercial properties. Among the properties purchased and allegedly managed/operated were several assisted living facilities including but not limited to an assisted living facility located at 4801 Allendale Road, Houston, Harris County, Texas 77017.

25. During the procurement of the AXIS Policy and in or about February 2017, Plaintiff was advised that the "Insured owns and operates an eclectic real estate portfolio spread out across the U.S."

26. During the procurement of the AXIS Policy, Defendant provided a Schedule of Values providing the various locations sought to be insured under the AXIS Policy.

- 6 -

466280.1

- 7 -

27. The Schedule of Values submitted by the Defendant is considered by Plaintiff's Underwriters in determining the nature of the risks sought to be insured, in determining the premium to be charged and in determining whether to bind the risk(s).

28. The subject Loss location is listed as "Loc #14" on the Schedule of Values provided to Plaintiff during the procurement of the subject AXIS Policy.

29. At all times hereinafter mentioned, the Loss location ("Loc #14") identified as 4801 Allendale Road, Houston, Harris County, Texas 77017 was owned by Oak Shadows-Allendale I Ltd.

30. At all times hereinafter mentioned, Oak Shadows-Allendale I Ltd. was owned by SNF Ocean Realty Company.

31. Oak Shadows-Allendale I Ltd is neither listed, nor referenced as a Named Insured under the AXIS Policy.

32. SNF Ocean Realty Company is neither listed, nor referenced as a Named Insured under the AXIS Policy.

33. The Schedule of Values submitted by Defendant during the procurement of the AXIS Policy does not list Oak Shadows-Allendale I Ltd. as the owner of any locations within the SOV.

34. The Schedule of Values submitted by Defendant during the procurement of the AXIS Policy does not list SNF Ocean Realty Company as the owner of any locations within the SOV.

35. Defendant failed to disclose – by the Schedule of Values or otherwise - that Defendant did not own the Loss location or, Location #14 as it appears on the Schedule of Values on file with the Company.

466280.1

36.     In failing to disclose that Defendant did not own, and had no insurable interest in, the Loss location (Location #14 on the Schedule of Values), Defendant concealed and/or misrepresented a material fact concerning the risk sought to be insured.

**C.     AXIS' Investigation Into The Loss and Disclaimer of Coverage**

37.     Defendant seeks to recover approximately $2,136,037.35 under the AXIS Policy for claimed loss and damage to the property located at 4801 Allendale Road, Houston, Harris County, Texas 77017, such damage allegedly resulting from Hurricane Harvey and occurring on or about August 26, 2017.

38.     Plaintiff first received notice of Defendant's alleged loss on August 29, 2017, which was described as roof and interior water damage to the location identified as 4801 Allendale Road, Houston Texas occurring on August 26, 2017.

39.     Plaintiff assigned an independent adjusting firm to investigate and adjust the loss and claim.

40.     Plaintiff engaged Unified Building Sciences, Inc. ("UBS") and Unified Building Sciences & Engineering, Inc. ("UBSE") to perform inspections and determine the cause, nature, scope and extent of the claimed Loss.

41.     Plaintiff's investigation revealed that the majority of the property damages claimed from water penetration pre-dated Hurricane Harvey.

42.     Plaintiff's investigation revealed that the majority of the property damages claimed from water penetration was due to pre-existing wear, tear, deterioration and, other perils excluded by the AXIS Policy.

43.     While Plaintiff's investigation identified certain, limited damage attributable to Hurricane Harvey, the total value of hurricane loss and damage was well below the Policy's deductible. As such, and pursuant to the AXIS Policy's Sub-Limits of Liability section, no liability exists for

466280.1

Defendant's Loss because the measured loss fell below the applicable deductible, among other reasons.

44. Defendant retained their own engineer to evaluate the cause of interior water damage to the property.

45. Defendant's retained Thomas. A. Smith, P.E. to perform a roof inspection of the loss location and to note any evidence of defects, wind damage, or other factors which might have affected the roof integrity during Hurricane Harvey.

46. Mr. Smith's findings as of February 2018 were that the property damage claimed pre-dated Hurricane Harvey.

47. Mr. Smith's report provided to AXIS adjustment team on or about February 20, 2018, stated in sum and substance, as follows:

> Damage due to wind is unlikely. While the distribution of gravel around the roof suggests high winds in the past, the maximum gust speed reported for this area was only 38 mpg (source: weatherunderground.com, historical data for Aug. 29 to Sept. 2, 2017).
>
> Defects were found in the roofing system, and some or all of these may have predated the storm. However, the worse of these were largely located at the edges of roofs over the walkways. While it is possible for the water to have migrated horizontally inwards under the roof decking before finding a route downward into the apartments, it is more likely that the leaks were located close the air conditioning units at the center of the roof.

48. The opinions and conclusions reached by UBS, UBSE and Defendant's own engineer directly implicated various Limitations and Exclusions within the Policy.

49. In or about March 2018, AXIS demanded that Defendant's representative, Samuel Pinter, a Member of Royale Property Management LLC, appear for an Examination Under Oath ("EUO") as provided for by the AXIS Policy.

466280.1

50. After four separate letter requests dating back to March 2018, Defendant's representative, Samuel Pinter, a Member of Royale Property Management LLC, finally appeared for the EUO on October 30, 2018.

51. Shortly before appearing for the EUO, Defendant submitted a claim for income loss allegedly attributable to the Loss for the first time on October 3, 2018, over one year after the loss occurred.

52. During the EUO, Defendant's representative testified that the Loss location identified as 4801 Allendale Road, Houston, Harris County, Texas 77017 was actually owned by Oak Shadows-Allendale I Ltd.

53. During the EUO, Defendant's representative testified that Oak Shadows-Allendale I Ltd. was owned by SNF Ocean Realty Company.

54. At all times hereinafter mentioned, Defendant's representative, Samuel Pinter, is also a Partner of SNF Ocean Realty Company.

55. According to Defendant's representative, Samuel Pinter, SNF Ocean Realty Company owned Oak Shadows-Allendale I Ltd., the entity which owns and operates the assisted living facility located at 4801 Allendale Road, Houston, Harris County, Texas 77017.

56. According to Defendant's representative, Samuel Pinter, SNF Ocean Realty owned Oak Shadows-Allendale I Ltd., for at least 13 years prior to the issuance of the subject AXIS Policy.

57. Defendant did not own Oak Shadows-Allendale I Ltd. or the assisted living facility located at 4801 Allendale Road, Houston, Harris County, Texas 77017 at any time during the AXIS Policy period.

58. According to Defendant's representative, Samuel Pinter, Defendant does not own either Oak Shadows-Allendale I Ltd. or SNF Ocean Realty Company.

59. No agreements existed by and/or between Defendant and SNF Ocean Realty Company to manage, supervise or procure insurance for the location at 4801 Allendale Road, Houston, Harris County, Texas 77017 at any time during the AXIS Policy period.

60. No agreements existed by and/or between Defendant and Oak Shadows-Allendale I Ltd. to manage, supervise or procure the insurance for the location at 4801 Allendale Road, Houston, Harris County, Texas 77017 at any time during the AXIS Policy period.

61. During the Examination Under Oath, Defendant's representative testified that the Oak Shadows-Allendale Ltd. retirement facility located at 4801 Allendale Road, Houston, Harris County, Texas 77017 was never owned by Royale Property Management LLC for at least 13 years prior to the issuance of the subject AXIS Policy.

62. SNF Ocean Realty Company is not a Named Insured, Additional Insured, Loss Payee or third party beneficiary under the AXIS Policy.

63. Oak Shadows-Allendale I Ltd. is not a Named Insured, Additional Insured, Loss Payee or third party beneficiary under the AXIS Policy.

## ACTUAL CONTROVERSY

64. Defendant has made a claim for insurance coverage, asserting entitlement to coverage and payment under the AXIS Policy for physical loss and damage to the property located at 4801 Allendale Road, Houston, Texas. Plaintiff has denied the claim. An actual and justiciable controversy exists among the parties regarding the nature, scope and extent of Plaintiff's obligation and/or liability, if any, to Defendant under the AXIS Policy.

## COUNT I

### Misrepresentation/Concealment of Facts Concerning the Covered Property and Defendant's Lack of Interest in the Covered Property Voids the Policy

65. Plaintiff incorporates by reference herein in the allegations contained in paragraphs 1 through 64 as if fully set forth at length herein.

66. The **Additional Conditions** within the AXIS Policy states as follows:

> 2. **Concealment, Misrepresentation or Fraud**
> This policy is void in any case of fraud by you as it relates to coverage provided by this policy at any time.  It is also void if you or any other insured, at any time, intentionally conceals or misrepresents a material fact concerning:
>
> a. This policy;
> b. The Covered Property;
> c. Your interest in the Covered Property; or
> d. A claim under this policy.

67. The insured is bound to disclose to the insurer prior to and during acceptance/issuance of coverage, every fact within the insured's knowledge that is material to the risk being considered or assumed by the insurer when it issues a policy of insurance.

68. The insured is likewise bound to provide the insurer with full and complete information that is material to the insured.

69. Failure by the insured to disclose all available information that is material to the risk will allow the insurer to avoid the policy.  Any misrepresentation or omission by the insured to communicate a material fact to the insurer will vitiate the policy, making it void ab initio, regardless of whether such omission was intentional or results from mistake, accident, forgetfulness, or inadvertence.

70. Before, during and after the application for and issuance of the Policy, Defendant had a duty to disclose to Plaintiff all facts that were material to its acceptance/issuance of coverage

466280.1

relative to the ownership, operation, management and control of the subject risk, i.e. the property located at 4801 Allendale Road, Houston, TX, and all facts that were material to the premium set by Plaintiff.

71. Defendant failed to disclose that Defendant did not own the Loss location or, Location #14 as it appears on the Schedule of Values on file with the Company.

72. In failing to disclose that Defendant did not own, and had no insurable interest in, the Loss location (Location #14 on the Schedule of Values), Defendant concealed and/or misrepresented a material fact concerning the risk sought to be insured.

73. Defendant misrepresented, concealed and/or omitted material facts in each of the following respects:

a. by advising Plaintiff directly and/or through its authorized insurance representative that Defendant was the owner of the location identified as 4801 Allendale Road, Houston, TX; by failing to disclose to Plaintiff that the subject property identified as 4801 Allendale Road, Houston, TX was owned by Oak Shadows – Allendale I Ltd., a party not insured by the Axis Policy of insurance; by failing to disclose that the subject property identified as 4801 Allendale Road, Houston, TX was in fact owned, in whole or in part, by a company by the name of SNF Ocean Realty Company, a party not otherwise insured by the Axis Policy of insurance;

b. By failing to disclose to Plaintiff that Defendant had no contracts or agreements by and between itself and Oak Shadows – Allendale I Ltd. wherein defendant, Royal Property was contractually required to manage, supervise or provide property insurance for the subject Loss location;

466280.1

c. By failing to disclose to Plaintiff that Oak Shadows-Allendale I Ltd. was the actual owner of the Loss location located at 4801 Allendale Road, Houston, TX;

d. By failing to disclose to Plaintiff that SNF Ocean Realty Company actually owned, in whole or in part, the Loss location at 4801 Allendale Road, Houston, TX; and

e. In such further respects shall be disclosed during discovery and at trial.

74. All of the concealments, misrepresentations and omissions, which include but are not limited to the foregoing, were material to Plaintiff in deciding whether to insure the subject property; in assessing the risk of loss; and in deciding the amount of premium to be charged for the AXIS Policy. Had any of the foregoing factual omission been disclosed to Plaintiff or had the foregoing misrepresentations not been made, Plaintiff would have never issued the Policy for the subject Loss location (Location #14) or would have cancelled the Policy with respect to the subject Loss location (Location #14) had they known that Defendant had no ownership interest in the subject property.

75. Defendant, having breached the Policy's Concealment, Misrepresentation or Fraud provision, and such breach having proximately lead Plaintiff to issue the AXIS Policy (when otherwise it would not) or to set a different premium than it would have otherwise, voids the Policy ab initio and at its inception for the subject Loss location (Location #14), and Plaintiff is justified in voiding the Policy ab initio and refusing to pay Defendant's claim for its alleged Loss.

### COUNT II

#### No Coverage Exists Where Defendant Lacks Insurable Interest

76. Plaintiff incorporates by reference herein in the allegations contained in paragraphs 1 through 75 as if fully set forth at length herein.

77. The Named Insured in the AXIS Policy is Royale Property Management LLC.

466280.1

78.	At all times hereinafter mentioned, Defendant Royale Property Management LLC did not own the Loss location situated at 4801 Allendale Road, Houston, Harris County, Texas 77017 at any time during the subject AXIS Policy period.

79.	The Schedule of Values provided by Defendant during the procurement of the AXIS Policy failed to disclose that Defendant did not own the Loss location or, Location #14 as it appears on the Schedule of Values on file with the Company.

80.	Oak Shadows-Allendale I Ltd. owns and operates the Loss location situated at 4801 Allendale Road, Houston, Harris County, Texas 77017.

81.	A separate entity identified as SNF Ocean Realty Company owned Oak Shadows-Allendale I Ltd., the entity which owns and operates the assisted living facility located at 4801 Allendale Road, Houston, Harris County, Texas 77017.

82.	SNF Ocean Realty owned Oak Shadows-Allendale I Ltd., for at least 13 years prior to the issuance of the subject AXIS Policy.

83.	Defendant never owned Oak Shadows-Allendale I Ltd. or the Loss location situated at 4801 Allendale Road, Houston, Harris County, Texas 77017 at any time during the AXIS Policy period.

84.	No agreements existed by and/or between Defendant and SNF Ocean Realty Company to manage, supervise or procure insurance for the Loss location at 4801 Allendale Road, Houston, Harris County, Texas 77017 at any time during the AXIS Policy period.

85.	No agreements existed by and/or between Defendant and Oak Shadows-Allendale I Ltd. to manage, supervise or procure the insurance for the Loss location at 4801 Allendale Road, Houston, Harris County, Texas 77017 at any time during the AXIS Policy period.

466280.1

86.     SNF Ocean Realty Company is not a Named Insured, Additional Insured, Loss Payee or third party beneficiary under the AXIS Policy.

87.     Oak Shadows-Allendale I Ltd. is not a Named Insured, Additional Insured, Loss Payee or third party beneficiary under the AXIS Policy.

88.     Samuel Pinter is not a Named Insured, Additional Insured, Loss Payee or third party beneficiary under the AXIS Policy.

89.     Samuel Pinter is a Member of Royale Property Management LLC along with his brother, Charles Pinter.

90,     Samuel Pinter is a Partner in the entity identified as SNF Ocean Realty Company.

91.     One must have an insurable interest in property to sustain recovery under a policy that insures risks for property damage.

92.     A limited liability corporation is an entity distinct from its Members.

93.     An insurable interest is necessary to the validity of an insurance contract and where, as here, there is no insurable interest, the contract is void, and unenforceable.

94.     As Defendant has no insurable interest in the Loss location, the AXIS Policy is void and unenforceable with respect to the subjection Loss location and Plaintiff has no liability to Defendant for its claimed Loss.

## COUNT III

### Defendant's Loss Is Excluded by the Policy's Limitations and Exclusions

95.     Plaintiff incorporates by reference herein in the allegations contained in paragraphs 1 through 94 as if fully set forth at length herein.

96. The AXIS Policy also states, in pertinent part, as follows:

> **B. Exclusions**
> 
> * * *
> 
> 3. We will not pay for loss or damage caused by or resulting from any of the following:

466280.1

>       * * *
>    d.   (1) Wear and tear;
>         (2) Rust or other corrosion, decay, deterioration, hidden or latent defect of any quality in property that causes it to damage or destroy itself;
>         * * *
>         (4) Settling, cracking, shrinking or expansion;
>         * * *
>    But if an excluded cause of loss that is listed in **3.d. (1)** through **(7)** results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.

97. The AXIS Policy also states, in pertinent part, as follows:

>    **C.   Limitations**
>
>    The following limitations apply to all policy forms and endorsements, unless otherwise stated:
>
>    1.   We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.
>         ***
>         c.   The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:
>
>              (1)   The building or structure first sustains damage by a Covered Cause of loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters
>
>              ***

98. Plaintiff's investigation revealed that all or part of the claimed Loss was caused by or resulted from wear, tear, corrosion, decay, deterioration, hidden or latent defect and/or other perils expressly excluded by the AXIS Policy.

99. Plaintiff's investigation revealed that the Loss location did not first sustain damage by a Covered Cause of loss to its roof or walls through which the rain entered the premises.

100. Defendant's own expert concluded as of February 2018:

466280.1

> Damage due to wind is unlikely. While the distribution of gravel around the roof suggests high winds in the past, the maximum gust speed reported for this area was only 38 mpg (source: weatherunderground.com, historical data for Aug. 29 to Sept. 2, 2017).
>
> Defects were found in the roofing system, and some or all of these may have predated the storm. However, the worse of these were largely located at the edges of roofs over the walkways. While it is possible for the water to have migrated horizontally inwards under the roof decking before finding a route downward into the apartments, it is more likely that the leaks were located close the air conditioning units at the center of the roof.

101. As the claimed Loss was not caused by or resulted from a Covered Cause of loss, but was in fact caused by wear, tear, corrosion, decay, deterioration, hidden or latent defect and/or other perils expressly excluded by the AXIS Policy, there is no coverage for Defendant's Loss under the AXIS Policy.

## COUNT III
### The AXIS Policy Afford No Rental Value Coverage

102. Plaintiff incorporates by reference herein in the allegations contained in paragraphs 1 through 101 as if fully set forth at length herein.

103. Defendant presented its alleged income loss claim to Plaintiff on October 3, 2018.

104. Defendant's claimed income loss is the alleged loss of rental value sustained as a result of the Loss location's tenant withholding rental payments under the terms of the Triple Net Lease by and between Oak Shadow-Allendale I Ltd. ("Lessor") and KHS Hospitality LLC ("Lessee").

105. The AXIS Policy's **Sub-Limits of Liability** provision expressly states that AXIS shall not be liable for more than the sub-limit specified for any given damage or coverage and when a sub-limit is shown as "No Coverage", it means that no coverage is provided for that aspect of the policy to which that sub-limit applies.

466280.1

106. Within the AXIS Policy's **DECLARATIONS**, the Sub-Limits of Liability section lists "Rental Value", next to which the sub-limit listed reads: "No Coverage".

107. As the AXIS Policy expressly affords no coverage for "Rental Value", there is no coverage under the AXIS Policy for Defendant's Rental Value loss, if any.

WHEREFORE, Plaintiff AXIS Surplus Lines Insurance Company demands a declaratory judgment as follows:

A. That Defendant has no insurable interest in the property located at 4801 Allendale Road, Houston, Harris County, Texas 77017 and as such, has no right of claim under the AXIS Surplus Lines Insurance Company;

B. That the AXIS Policy be rescinded and declared void ab initio with respect to any coverage for the 4801 Allendale Road, Houston, Harris County, Texas 77017 location;

C. In the alternative, that there is no coverage under the AXIS Surplus Lines Company Policy for physical loss or damage to the structure or dwelling located at 4801 Allendale Road, Houston, Harris County, Texas 77017 occurring on or about August 27, 2017, as such coverage is expressly limited and/or excluded by the Policy's terms, conditions, provisions, limitations and exclusions;

D. That there is no coverage under the AXIS Surplus Lines Company Policy for any income loss which may be claimed as a result of physical loss or damage to the structure or dwelling located at 4801 Allendale Road, Houston, Harris County, Texas 77017 occurring on or about August 27, 2017, as such coverage is expressly excluded by the Policy's sub-limit of liability which states that there is "No Coverage" for "Rental Value" loss;

E. That the Plaintiff be awarded the costs and disbursements of this action; and

466280.1

F.  That the Plaintiff has such other, different and further relief, decree or judgment as this Court may deem just and proper.

                                      CLAUSEN MILLER P.C.
                                      Attorneys for Plaintiff
                                      AXIS Surplus Lines Insurance Company

By: _____
      Courtney E. Murphy

Dated: January 8, 2019

466280.1